# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **SHANNON EVANS** | **Plaintiff** |
| v. | No. 3:20-cv-251-BJB-CHL |
| **JAMES E. VONSICK** | **Defendants** |

\* \* \*

## MEMORANDUM OPINION & ORDER

    Plaintiff Shannon Evans owed Taylor Regional Hospital money. Complaint (DN 1-2) ¶ 7. So the hospital sued Evans in Larue County District Court and obtained a default judgment against her. ¶¶ 2, 7, 9. The hospital's lawyer, James Vonsick, began collecting the debt by garnishing Evans's wages. Motion to Dismiss (DN 4) at 1–2. According to Evans, however, Vonsick miscalculated the amount owed and garnished more than $600 too much. Compl. ¶ 12. Vonsick also allegedly communicated directly with Evans, rather than her lawyer, by "sen[ding] [her] a [c]heck in the mail." ¶¶ 13–14.

    Evans sued Vonsick under the Fair Debt Collection Practice Act ("FDCPA") for incorrectly calculating her debt, collecting more money than she owed, and contacting her despite knowing she had a lawyer. ¶ 16. She seeks damages under the FDCPA and an accounting under Kentucky law. ¶¶ 16–17. Vonsick moved to dismiss, contending Evans' complaint failed to plead her claims with sufficient detail or state a cognizable claim. DN 4.

    To survive a motion to dismiss, each claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In other words, the claim must contain "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quotation omitted). Courts accept factual allegations, but not legal conclusions, as true. *Iqbal*, 556 U.S. at 678.

    Evans's complaint fails to state a cognizable claim for debt-calculation and direct-communication violations under the FDCPA. The excess-collection claim, however, is adequately pled. And because Vonsick's argument to dismiss the state-law accounting request depends on dismissal of each federal claim, that aspect of her complaint also survives Vonsick's motion to dismiss.

1

**1. Misleading representation – § 1692e(2).** "A debt collector may not use any false, deceptive, or misleading representation … in connection with the collection of any debt." 15 U.S.C. § 1692e. Courts treat even innocent miscalculations as "misleading representation[s]" that may trigger FDCPA liability. *See, e.g.*, *Stratton v. Portfolio Recovery Assocs.*, 770 F.3d 443, 448, 451 (6th Cir. 2014); *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000). But courts have rejected § 1692e(2) claims if plaintiffs didn't allege the "Who," "What," "When," or "How" of the false misrepresentation. *Bates v. Green Farms Condominium Ass'n*, 958 F.3d 470, 482–83 (6th Cir. 2020).

Evans claims Vonsick miscalculated the amount owed and "falsely stat[ed] the amount of the debt owed by Plaintiff." Compl. ¶ 16. But her complaint includes no factual allegation to show *how* Vonsick miscalculated the debt amount; it simply asserts that he violated the legal prohibition. Nor does the complaint explain *when* Vonsick communicated an allegedly false amount due. Instead, Evans simply attaches the judgment and garnishment form containing the amount of her judgement, without a single word contextualizing or explaining what inference the Court and Defendant should draw from that information. DN 1-2 at 6–8. This vague allegation without factual enhancement is plainly insufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Barany-Snyder v. Weiner*, 539 F.3d 327, 335–36 (6th Cir. 2008) (affirming dismissal of complaint because plaintiff failed to allege falsity of representation).

**2. Direct communication – § 1692b(6).** Congress also barred a "debt collector" from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer … after the debt collector knows the consumer is represented by an attorney." 15 U.S.C. § 1692b(6)).

According to the complaint, Vonsick violated this prohibition by "sen[ding] Plaintiff a [refund] Check in the mail" even though he had "actual notice of Plaintiff's representation." Compl. ¶ 14. The statute's prohibition does not apply to these alleged facts for two reasons. First, Evans claims Vonsick "sent *Plaintiff* a [c]heck in the mail," *id.* (emphasis added), but the statue proscribes a "debt collector communication" only with "any person *other than* the consumer," § 1692b(6) (emphasis added). *See Selby v. Bank of Am., Inc.*, No. 09-cv-2079, 2010 WL 4347629, at *7 (S.D. Cal. Oct. 27, 2010) (holding § 1692(b) inapplicable to direct communications between debt collector and debtor). Second, the check at issue was not "sent *for the purpose of acquiring location information about* [*Evans*]," § 1692b(6) (emphasis added), but instead to reimburse her for funds garnished in excess of the amount owed. Evans cites no precedent or other legal authority that would allow debtors to hold others liable for sending them money. Her allegations, even if true,

fail to state a claim that would entitle her to legal relief. *D'Ambrosio*, 747 F.3d at 383.†

**3. Excess collection – § 1692f.** The FDCPA also makes unlawful the "use of unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. And the statute defines "[t]he collection of any amount" beyond that "expressly authorized by the agreement creating the debt or permitted by law" to violate this prohibition. § 1692f(1). To state a claim, a plaintiff need only allege that the defendant "attempt[ed] to collect an amount not authorized" by the debt agreement. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014); *Delawder v. Platinum Fin. Servs. Corp.*, 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005) (plaintiff stated a claim by alleging that the debt collector filed a lawsuit seeking to collect more than the owed amount).

Evans alleges that even after the hospital had collected everything she owes, Vonsick nevertheless garnished a total of $600 more than her debt amount. Compl. ¶ 12. At the pleading stage, Evans's claim that Vonsick collected more than she owed states a plausible claim to relief.

Vonsick disputes this allegation with citations to an affidavit and documents appended to his motion to dismiss, which in his view undercut the plausibility of Evans's claims. MTD at 1–3 (citing Vonsick Aff. and Exhibits (DN 4-2)). At the motion-to-dismiss phrase, however, the Court's review is limited to the pleadings, rather than evidence. Vonsick will have a chance to point to this and other relevant evidence at the summary-judgment phase. *See Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

**4. Accounting.** Vonsick's only argument in favor of dismissing Evans's request for an accounting under state law depended on the Court dismissing all her federal claims as inadequately pled. *See* MTD at 13. Because this Order does not grant Vonsick's motion in full, this state-law claim survives.

---

† In his motion to dismiss, Vonsick recognized the possibility that perhaps Evans intended to bring the direct-communication claim under 15 U.S.C. § 1692c(a)(2), which gives rise to damages and a private right of action if, "in connection with the collection of a debt," a debt collector directly communicates with a debtor whom the collector knows is represented by counsel. *See* MTD at 10–11. Evans, however, did not explain how mailing a refund check would implicate this provision. Indeed, she did not respond to this argument at all in her Brief in Opposition (DN 5). So this argument is forfeited. *See Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (Plaintiff's failure to respond to motion-to-dismiss argument allowed district court to treat the argument as forfeited and prevented later objection to district court ruling); *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x 409, 412–13 (6th Cir. 2013) (similar).

4

## ORDER

The Court grants Vonsick's motion to dismiss (DN 4) in part.